# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

CHARLES RICHARD BURKE,

        Movant,

v.                                      CIVIL ACTION NO.   3:15-0419
                                        (Criminal No.   3:10-00224)

UNITED STATES OF AMERICA,

        Respondent.

## ORDER

This matter was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) for proposed findings of fact and recommendation on Movant Charles Richard Burke's *pro se* Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. ECF No. 187. In her Proposed Findings and Recommendations, the Magistrate Judge recommends that Movant's motion be denied and this action be dismissed. ECF No. 200. Movant objects. ECF No. 201. Upon review, the Court agrees with the Magistrate Judge, **DENIES** Movant's Objections, and **DISMISSES** this action. The Court also **DENIES** Movant's "Motion to Expand the Scope of 2255 Proceedings Record." ECF No. 202.

This Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed

findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted). In reviewing Movant's objections, "this Court will consider the fact that [Movant] is acting pro se, and [his] pleadings will be accorded liberal construction." *Kerr v. Marshall Univ. Bd. of Governors*, No. 2:14-CV-12333, 2015 WL 1405537, at *5 (S.D. W. Va. Mar. 26, 2015), *aff'd*, 824 F.3d 62 (4th Cir. 2016) (citations omitted).

In this case, Movant makes three objections. First, Movant argues that the Magistrate Judge erred by not finding that his counsel provided him erroneous advice. In 2012, Movant pled guilty in this Court to Conspiracy to Distribute 280 Grams or More of Cocaine Base and a Quantity of Oxycodone in violation of 21 U.S.C. § 846. In exchange for his guilty plea, the United States agreed to dismiss a count charging Movant with distributing cocaine base and agreed to not file an information against him pursuant 21 U.S.C. § 851. Movant states that he pled guilty because his attorney told him he would be exposed to a mandatory life sentence without the possibility of release if the United States filed the information against him. Movant now contends, however, that his attorney's advice was incorrect because he did not have the requisite number of prior convictions under 21 U.S.C. § 841(b)(1)(A) to receive a life sentence. Section 841(b)(1)(A) provides, in part, that "[i]f any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release[.]" 21 U.S.C. § 841(b)(1)(A), in part.

Prior to his 2012 conviction, Movant pled guilty in 1994 to three felony drug related offenses in the United States District Court for the Northern District of Ohio. Two of those offenses (Counts 1 and 2) involved conduct that ended on September 29, 1993. *Superseding Indictment*,

-2-

ECF No. 187-2 at 10-11. The third offense (Count 4) involved conduct that occurred on November 8, 1993. *Id*. at 11-12. Thereafter, in 1996, Movant was convicted in Ohio state court of three felony drug trafficking offenses that occurred on November 8, 1993. As Movant's federal and state convictions both involved conduct that occurred on November 8, 1993, Movant argues his convictions only may be counted as one offense under § 841(b)(1)(A).

However, as fully explained by the Magistrate Judge, Movant's argument ignores the fact his federal convictions involved two separate criminal episodes that constitute separate offenses. The Fourth Circuit has stated that, "[i]n analyzing whether convictions are from separate and distinct criminal episodes, we consider, among other things, whether the time between the crimes underlying the convictions allowed the defendant sufficient time 'to make a conscious and knowing decision to engage in another drug sale.'" *United States v. Robinson*, 92 F. App'x 48, 49 (4th Cir. 2004) (quoting *United States v. Letterlough*, 63 F.3d 332, 337 (4th Cir. 1995)). Here, Movant's criminal activity resulting in his federal convictions occurred more than one month apart (on September 29, 1993 and November 8, 1993) and were not part of a single act of criminality. Movant's state sentence was based on conduct that occurred on November 8, 1993, not for conduct that occurred on September 29, 1993.[1] Therefore, Movant's attorney accurately advised him that he would face a mandatory life sentence without the possibility of release under 21 U.S.C. § 841(b)(1)(A) if the Government filed an information against him pursuant 21 U.S.C. § 851. Accordingly, the Magistrate Judge correctly determined Movant did not establish any grounds to

---

[1]Similarly, the Fourth Circuit ruled on Movant's appeal that his prior federal and state felony drug convictions counted as separate offenses under the career offender provision in the *U.S. Sentencing Guideline Manual* found in § 4A1.2(a)(2) (2011). *United States v. Burke*, 523 Fed. App'x 256 (4th Cir. 2013).

prove ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), based upon this advice.

Second, Movant argues his attorney told him he would not be considered a career offender if he pled guilty. However, as indicated by the Magistrate Judge, the facts are inconsistent with Movant's argument. In 2014, prior to Movant filing this action, his previous counsel wrote him a letter recalling their conversations about whether he had two prior drug convictions and discussing the fact that the discovery showed he had two prior convictions. Counsel agreed to argue against the application of the career offender status, but explained to him that, if his argument failed, the career offender provision would be applied to him. ECF No. 187-1 at 2. The sentencing transcript is consistent with this letter in that counsel argued against application of the career offender status.

Additionally, similar to the Magistrate Judge, this Court gives little credibility to Movant's assertion he would not have pled guilty if he knew he would be considered a career offender. As explained above, the United States agreed not to file an information pursuant to § 851 in exchange for Movant's guilty plea. If Movant had not pled guilty, he would have faced the possibility of life imprisonment without the possibility of release. Under these circumstances, "there simply is no reasonable probability that, but for counsel's alleged career offender error, Burke would not have pled guilty and would have insisted on going to trial." *Prop. Findings and Recommendations*, at 12. Therefore, for these reasons, the Court finds Movant is unable to demonstrate ineffective assistance of counsel based upon the fact he was found to be a career offender.

-4-

Third, Movant argues that his appellate counsel was ineffective because he should have sought a rehearing with the Fourth Circuit after he lost his appeal and sought additional evidence for the record proving he did not qualify as a career offender. However, as the Magistrate Judge found, there was no good faith basis for appellate counsel to seek a rehearing. Therefore, the Court finds Movant has failed to demonstrate ineffective assistance of counsel on the part of his appellate counsel.

Movant also has filed a separate "Motion to Expand the Scope of 2255 Proceedings Record" (ECF No. 202), in which he seeks a sworn affidavit from his counsel addressing his ineffective assistance claims. Movant also seeks to be able to add documents related to his prior charges and convictions. The Court has reviewed the documents attached to his motion and finds they do nothing to change the fact Movant has two prior convictions. In fact, Movant previously attached the same documents to his original motion (ECF No. 187-2), and both the Magistrate Judge and this Court cites those very documents in denying his claims. Likewise, under the circumstances of this case, the Court sees no purpose in directling counsel to file an affidavit addressing Movant's claims. Thus, the Court **DENIES** the motion.

Accordingly, for the foregoing reasons, the Court **DENIES** Movant's Objections to the Magistrate Judge's Proposed Findings and Recommendations (ECF No. 201), **ADOPTS AND INCORPORATES HEREIN** the Proposed Findings and Recommendations (ECF No. 200), **DENIES** Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 187), **DENIES** Movant's "Motion to Expand the Scope of 2255 Proceedings Record" (ECF No. 202), and **DISMISSES** this action from the docket of the Court.

The Court additionally has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Cheryl A. Eifert, counsel of record, and any unrepresented parties.

ENTER:        March 24, 2017

ROBERT C. CHAMBERS, CHIEF JUDGE